IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | } | |
| *Plaintiff-Respondent* | } | |
| | } | |
| v. | } | CRIMINAL ACTION NO. H-95-142-20 |
| | } | CIVIL ACTION NO. H-03-3879 |
| ZARAGOSA SANDOVAL, | } | |
| *Defendant-Petitioner* | } | |

## MEMORANDUM AND ORDER

Presently before the Court are Petitioner Zaragosa Sandoval's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 5197); the Government's response and motion to dismiss (Doc. 5225); Petitioner's motion for leave to amend (Doc.5425); the Magistrate Judge's Memorandum and Recommendation (Doc. 5494); and Petitioner's objections to the Magistrate Judge's Memorandum and Recommendation (Doc. 5512).

Petitioner's first objects to the Magistrate Judge's recommendation that his motion be dismissed as untimely. Petitioner argues that the court should equitably toll Section 2255's one-year statute of limitations because he relied on his attorney's mistaken representation that his motion would be timely if filed by 18 September 2003. The Fifth Circuit has repeatedly instructed its district courts that "counsel's erroneous interpretation of the statute of limitations provision cannot, by itself, excuse the failure to file [petitioner's] habeas petition in the district court within the one-year limitations period." *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) (*quoting Fierro v. Cockrell*, 294 F.3d 674, 679 (5th Cir. 2002)). Petitioner's first objection is therefore overruled.

Petitioner also objects to the Magistrate Judge's recommendation that Petitioner's motion to amend by denied. Because the court has already determined that Petitioner's Section 2255 motion should be dismissed as untimely, this issue is moot.

Therefore, after carefully considering the record and the applicable law, the Court concludes that Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 should be **DENIED** as time-barred and the Government's motion to dismiss should be **GRANTED**. The Court adopts the Magistrate Judge's Memorandum and Recommendation in full.

**SIGNED** at Houston, Texas, this 10th day of October, 2006.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE